UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Damian J. Renzello,                :
      Plaintiff,                :
                        :
    v.                          :    File No. 1:05-CV-153
                        :
Michael E. Nelson,                 :
      Defendant.                :

ORDER
(Paper 9)

Plaintiff Damian Renzello, proceeding *pro se* and *in forma pauperis*, brings this action alleging that defendant Michael Nelson has used the internet to cause harm to Renzello's portable ice rink business.  Currently pending before the Court is Renzello's motion for "expedited service, expedited hearing, and preliminary injunctive relief."  (Paper 9).  In his motion, Renzello states that the U.S. Marshals Service has been unable to serve Nelson, and that Nelson's "bizarre and erratic behavior" justifies expedited proceedings.  Renzello also asks the Court to require Nelson to "show cause why he should not be enjoined from using" Renzello's business name on the internet, and "why he should not be barred from contacting Plaintiff, Plaintiff's family and business associates of Plaintiff . . . ."  For the reasons set forth below, the Court construes Renzello's motion, in part, as a motion for alternative service, and GRANTS the motion to this extent. Until the Court receives confirmation that Nelson has been served with the complaint, the Court will withhold judgment on

the motions for a preliminary injunction and an expedited
hearing.

Factual Background

The complaint in this case alleges that over the past 10
years, Renzello has "manufactured and marketed an innovative
and distinctive portable ice-skating rink of his own design"
known as "Porta Rinx." (Paper 5 at 2). In 2002, Renzello
allegedly allowed Nelson to sell his skating rinks on the
internet. Nelson, however, developed an independent website
and used it to market the rinks without the "Porta Rinx" name.
The website also allegedly included false representations
about the product.

When Renzello objected to Nelson's conduct, Nelson
allegedly registered numerous domain names similar to the name
"Porta Rinx" and Renzello's own name. Nelson also "began
actively directing Internet traffic to the Plaintiff's
competitors . . . ." Id. at 3. The complaint further claims
that Nelson has called Renzello's home and "spewed forth a
verbally vituperative volley of recriminations, insinuations,
slurs . . . and outright threats." Id.

The complaint in this case was filed on June 7, 2005.
Renzello was granted leave to proceed *in forma pauperis*, and
the U.S. Marshals Service undertook the task of effecting
service upon Nelson. Service was first attempted at a Las

Vegas, Nevada address provided by Renzello in his complaint. On August 10, 2005, the process receipt was returned unexecuted.  Under the "Remarks" section on the form, the process server noted that the "Address is a Post-Net maildrop."  (Paper 6).

On August 29, the summons was re-issued to be served at the home of "Mr. & Mrs. Nelson" in South Kingston, Rhode Island.  On September 28, 2005, this process receipt was also returned unexecuted with the remark: "Talked w/ mother Leslie Nelson.  Son lives in Las Vegas."  The summons was re-issued a third time on October 2, 2005, to be served at an address in San Francisco, California.[1]  The Court has recently learned that these efforts at service have also been unsuccessful.

Renzello now moves for expedited service.  He states in his motion, however, that he does not know Nelson's "exact whereabouts."  (Paper 9 at 3).  Renzello also expresses concern that Nelson has been making telephone calls to Renzello's "family, friends, and business associates."  The content of these alleged conversations has varied from Nelson's desire for Renzello to drop this case to a request for a description of Renzello's vehicle.  Consequently, Renzello asks the Court to "provide expedited service of the

---

[1]  Nelson was successfully served in San Francisco in a prior case.

Complaint," to hold a preliminary hearing, and to ask Nelson
to "show cause why he should not be enjoined from using in any
fashion the names of Porta Rinx and Damian Renzello on the
Internet, and why he should not be barred from contacting
Plaintiff, Plaintiff's family and business associates of
Plaintiff, many of whom are likely witnesses in this cause."
Id.

Discussion

The Marshals Service's efforts at personal service have,
to date, been unsuccessful.  Alternative service may therefore
be required.  Fed. R. Civ. P. 4(e)(1) states that service upon
individuals within the United States may be made "pursuant to
the law of the state in which the district court is located,
or in which service is effected . . . ."  Under Vermont law, a
court, after a showing that personal service cannot be made
with due diligence, "may order service to be made by leaving a
copy of the summons and of the complaint at the defendant's
dwelling house or usual place of abode, or to be made by
publication . . . if the court deems publication to be more
effective."  Vt. R. Civ. P. 4(d)(1).  Nevada law also provides
for alternative service by publication.  Nev. R. Civ. P.
4(e)(1).  Alternative service is further supported by federal
case law so long as the form of service is "reasonably
calculated, under the circumstances, to apprise interested

4

parties of the pendency of the action and afford them an opportunity to present their objections." See SEC v. Tome, 833 F.2d 1086, 1093 (2d Cir. 1987) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

In this case, it is clear that despite due diligence on the part of the Marshals Service, in-hand service has not been practicable.  It also appears from the allegations in Renzello's motion that Nelson is aware of this case, and that he may be actively avoiding service.  The record also indicates that Nelson resides in Las Vegas, as initially indicated in Renzello's complaint and confirmed by Nelson's mother in her conversations with the process server in Rhode Island on September 19, 2005.  However, the only known address for Nelson in Las Vegas is a commercial mail drop.

With no further information with respect to Nelson's residence or whereabouts, the only option available to the Court is to order service by publication in Nevada.  As between Vermont and Nevada law, the Court chooses to follow the Vermont statute.  Pursuant to Vt. R. Civ. P. 4(g)(2) & (3), the Marshals Service shall send the "Order" set forth below for publication in the Las Vegas Review-Journal.  The Order shall be published once a week and at least seven days apart for 2 or more successive weeks, and shall also be mailed to Nelson at the Las Vegas address provided by Renzello.  The

first publication shall be made within 20 days of today.  The date of first publication shall be inserted in the Order prior to such publication.  Service by publication shall be complete on the 21st day after the first publication.  The Marshals Service shall submit written confirmation to the Court that publication has been made.  Vt. R. Civ. P. 4(g).[2]

With respect to Renzello's motion for a preliminary injunction, such relief is generally not granted without notice to the adverse party.  See Fed. R. Civ. P. 65(a)(1). Therefore, the Court will not rule upon that motion, or Renzello's request for an expedited hearing, at this time. Once Nelson is served with a copy of the summons and complaint, the Court will give him an opportunity to respond to the pending motions and, if appropriate, undertake review of the merits of the case.

### Conclusion

For the reasons set forth above, Renzello's motion for an expedited hearing is construed as a motion for alternative service, and is GRANTED to that extent.  The Court will not rule upon Renzello's motions for preliminary injunction and expedited hearing at this time.  The Marshals Service shall

---

[2]  Although the Court is authorizing service by publication, Renzello may undertake his own efforts to locate and serve Nelson.  These efforts may include hiring private individuals to investigate Nelson's whereabouts, and retaining a private process server to effect service of process.

reproduce, publish, and mail to Nelson's last known mailing address as set forth above, the following Order:

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Damian J. Renzello,          :
          Plaintiff,         :
                             :
     v.                      :     File No. 1:05-CV-153
                             :
Michael E. Nelson,           :
          Defendant.         :


ORDER

The plaintiff has filed a complaint alleging that he is in the business of selling portable ice rinks, and that the defendant has caused harm to his business.  For relief, the plaintiff is seeking an injunction, as well as compensatory and punitive damages.

The Court has approved service upon the defendant by publication pursuant Vt. R. Civ. P. 4(g).  The plaintiff is proceeding *pro se*, and has provided a mailing address of 1325 Vermont Route 14, East Montpelier, VT 05651.  Service is deemed complete upon the twenty-first day after the first publication.  The date of first publication was [**insert date here**].  An answer to the complaint must be filed with this Court and served upon the plaintiff within 20 days of the date of service, exclusive of the day of service.  If the defendant fails to do so, judgment by default will be taken against the defendant for the relief demanded in the complaint.  Any answer the defendant serves upon the plaintiff must be filed with the Clerk of this Court within a reasonable period of time after service.

Publication of this Order shall be made once a week and at least seven days apart for 2 or more successive weeks in the Las Vegas Review-Journal.  A copy of this Order as published shall also be mailed to defendant at his last known mailing address.

7

Dated at Brattleboro, in the District of Vermont, this _____ day of _____, 2005.

                              /s/ J. Garvan Murtha
                              J. Garvan Murtha
                              United States District Judge


SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 21st day of November, 2005.

                              /s/ J. Garvan Murtha
                              J. Garvan Murtha
                              United States District Judge