```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

Damian J. Renzello,            :
      Plaintiff                :
                               :
   v.                          :      File No. 1:05-CV-153
                               :
Michael E. Nelson,             :
      Defendant                :
```

                                ORDER
             (Papers 13, 16, 17, 18, 19, 20, 21 and 24)

Currently before the Court are a series of motions filed by defendant Michael Nelson.  Nelson has not yet been served in this case, but is making a special appearance *pro se* for the purpose of filing his various motions, which include: a motion for reconsideration of this Court's order denying his motion for a waiver of service; a motion for recusal; motions pertaining to Court rules, practices and personnel; and a motion to dismiss based upon the plaintiff's allegedly false *in forma pauperis* affidavit.  The Court will address each motion in turn.

Nelson first moves the Court to reconsider its denial of his request for service via a waiver of service pursuant to Fed. R. Civ. P. 4(d).  (Paper 13).  A movant is entitled to reconsideration of an order of the court in one of three situations: 1) the controlling law has changed; 2) new evidence has become available; or 3) there exists a need to correct a clear error or prevent a manifest injustice.  See

<u>Virgin Atlantic Airways, Ltd. v. National Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992).  "The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995).

Nelson claims that the Court's denial of his motion "presents prima facie case of bias against defendant by Judge Murtha."  He also contends that Judge Sessions and court personnel hold an unfair bias against him.  While these allegations may pertain to the question of recusal, they are not directly relevant to the issue of service.

Nelson further asserts that the plaintiff has known "full well the location of the purported Defendant" and is therefore violating Nelson's due process rights.  He also alleges that he has received threatening communications from the plaintiff.  These allegations are similar to claims made in Nelson's initial motion.  In sum, Nelson has not identified a change in controlling law, new evidence, clear error or other grounds that would render service by publication manifestly unjust.  His motion for reconsideration (Paper 13) is, therefore, DENIED.

Nelson's next motion asks that "Judge J. Garvan Murtha voluntarily recuse [himself]" from this action pursuant to 28 U.S.C. § 455.  (Paper 16).  Nelson introduces the motion by stating that he will not cite "the numerous reasons for disqualification," but continues on to allege that the Court holds a personal bias against him, and that a failure to recuse would evidence misuse of the "'Federal Bench,' to exact personal revenge."  Id. at 3.  In a letter attached to his motion, Nelson also references the Court's rulings in this case and a prior case as evidence of bias.

Section 455(a) requires a judge to disqualify himself whenever his "impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Section 455(b)(1) requires recusal whenever a judge "has a personal bias or prejudice" for or against one party.  28 U.S.C. § 455(b)(1). Although in certain instances § 455(a) may provide broader grounds for disqualification than § 455(b)(1), that is not the case when, as here, the moving party alleges no grounds for recusal other than the district judge's alleged bias or prejudice. Apple v. Jewish Hospital & Medical Center, 829 F.2d 326, 333 (2d Cir. 1987); see Herskowitz v. Charney, 1994 WL 455172, at *2 (S.D.N.Y. Aug. 18, 1994).

"The proper standard to apply when considering a motion for recusal based on alleged bias or partiality is whether 'a

reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned.'" Ted Lapidus, S.A. v. 77 World Design, Inc., 1997 WL 381794, at *2 (S.D.N.Y. July 10, 1997) (quoting Apple, 829 F.2d at 333); Herskowitz, 1994 WL 455172 at *2.  In this case, Nelson's claims relate solely to rulings in either this or previous litigation.  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  Litkey v. United States, 510 U.S. 540, 555 (1994).

The only rulings cited by Nelson are the Court's (1) denial of his motion for a waiver of service and (2) the ordering of a hearing on a preliminary injunction motion in a prior case.  (Paper 16-1 at 5, 8).  With respect to the ruling in this case, Nelson claims that the denial of his motion came too soon after the motion was filed.  Id. at 8.  As to the preliminary injunction motion, Nelson alleges that the Court did not provide adequate time before the hearing for him to respond.  Id. at 5.  The Court finds that a reasonable person viewing these rulings, in context, would not conclude that they are evidence of "deep-seated favoritism or antagonism" or any sort of partiality on the part of the Court.  The motion for voluntary recusal (Paper 16) is, therefore, DENIED.

Nelson's next motions pertain to Court procedures and access to Court personnel.  One such motion calls for the judge's actual signature to appear on decisions of the Court (Paper 17).  Because this Court has implemented a new case management system, most Court orders are no longer signed by hand.  The judges do, however, review and take responsibility for all orders that are issued.  The motion "for judge to affix actual signatures" (Paper 17) is DENIED.

Nelson has also asked for a copy of the Court's Local Rules (Paper 18).  This motion is GRANTED, and the clerk's office shall send a copy of the Local Rules to Nelson's last known address.  Nelson's motion for a copy of the Court's calendar (Paper 19) is DENIED.  The Court observes all federal holidays, and otherwise accepts filings Monday through Friday throughout the year.  Nelson's motions for specific contact information for the court's *pro se* law clerk (Paper 20) and *pro se* appeals clerk (Paper 24) are also DENIED.  Nelson may access Court personnel through the Court's central telephone number and address in Burlington, Vermont.

Nelson's next motion is a request for a date and time-stamped copy of each filing in this case (Paper 21).  Because the Court has electronic filing capability, not all filings are time-stamped.  The date of filing is indicated on the top of each document after it is docketed.  This Court has

previously ordered the clerk's office to mail Nelson a copy of all documents filed in the case as of November 29, 2005 (Paper 12). Nelson has confirmed that he received "most" of the case filings, but has indicated that he did not receive a copy of the Court's order on plaintiff's motion to expedite service (Paper 10). (Paper 13-1 at 5); (Paper 19 at 2). The motion (Paper 21) is therefore GRANTED to the extent that it seeks Paper 10 and any filings since November 29, 2005, other than motions filed by Nelson himself. The motion is otherwise DENIED.

Nelson's final motion (Paper 22) seeks dismissal based upon the plaintiff's allegedly false statements in his application to proceed *in forma pauperis*. He also informs the Court that additional evidence will be forthcoming. In light of this additional evidence, and that fact that this motion requires, at the very least, a response by the plaintiff and possibly a hearing, the Court will defer ruling upon the motion to dismiss at this time.

For the reasons set forth above, Nelson's motion for reconsideration (Paper 13); motion for recusal (Paper 16); motion for judge to affix actual signatures to orders (Paper 17); motion for a copy of the Court's calendar (Paper 19); and motions to be provided with specific contact information for Court personnel (Papers 20 and 24) are DENIED. Nelson's

motion to be sent a copy of the Court's Local Rules (Paper 18) is GRANTED, and his motion to be mailed copies of Court filings (Paper 21) is GRANTED to the extent that the clerk's office shall mail to Nelson a copy of Paper 10 and any filings since November 29, 2005, other than motions filed by Nelson himself.  Paper 21 is otherwise DENIED.

    Dated at Brattleboro, in the District of Vermont, this 20th day of December, 2005.

                                                <u>/s/ J. Garvan Murtha            </u>
                                                J. Garvan Murtha
                                                United States District Judge