UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Damian J. Renzello,                   :
          Plaintiff                   :
                                      :
     v.                               :          File No. 1:05-CV-153
                                      :
Michael E. Nelson,                    :
          Defendant                   :

ORDER
(Papers 17, 28, 29, 30, 31, 32, 34 and 36)

Defendant Michael Nelson, proceeding *pro se*, has filed a motion for recusal, a motion to either dismiss or transfer pursuant to Fed. R. Civ. P. 12(b), and a request for a protective order.  Nelson has also moved the Court to provide him with information such as the Court's physical address, instructions as to how to file an appeal, and information about filing an answer.  Because the plaintiff has not yet responded to the motion to dismiss, the Court will withhold ruling on that motion at this time.  Until the Rule 12 motion is ruled upon and questions of jurisdiction are addressed, the Court will also withhold ruling upon the request for a protective order.  The Court will, however, rule upon the motion for recusal and Nelson's remaining motions.

Nelson's motion for recusal is his second such motion. (Paper 30).  In an order dated December 20, 2005 (Paper 27), the Court denied Nelson's first recusal motion.  Nelson now argues for recusal of the Court, its judges, and selected

court personnel based primarily upon statements by third
parties which, he claims, are evidence of potential Court
bias.  Specifically, Nelson cites the plaintiff's complaint in
this case, which accuses Nelson of "offensive behavior
directed at this Court in the form of his belligerent and
threatening communications and the resulting investigation
into the same by the FBI."  (Paper 5 at 2).  The complaint
also alleges that a Vermont newspaper discussed Nelson's "many
questionable practices directed toward a host of parties
[including] . . . a jurist who presides in this very
District."  Id. at 4.  Nelson suggests that as a result of his
alleged conduct against the Court, the Court has "publicly
humiliated" him.  Id. at 5.  Finally, Nelson alleges that a
Vermont attorney who litigated against Nelson previously has
claimed that Chief Judge Sessions is in his "pocket."  Id. at
4.

     As this Court explained in its prior order on recusal, 28
U.S.C. § 455(a) requires a judge to disqualify himself
whenever his "impartiality might reasonably be questioned."
Section 455(b)(1) requires recusal whenever a judge "has a
personal bias or prejudice" for or against one party.  28
U.S.C. § 455(b)(1).  Although in certain instances § 455(a)
may provide broader grounds for disqualification than §
455(b)(1), that is not the case when, as here, the moving

party alleges no grounds for recusal other than the district judge's alleged bias or prejudice.  <u>Apple v. Jewish Hosp. & Med. Ctr.</u>, 829 F.2d 326, 333 (2d Cir. 1987); <u>see</u> <u>Herskowitz v. Charney</u>, 1994 WL 455172, at *2 (S.D.N.Y. Aug. 18, 1994).

As noted above, the bias alleged in Nelson's most recent motion is based primarily upon statements of third parties. The Court bears no responsibility for these alleged statements, and a reasonable person would not conclude that the Court holds a bias against Nelson based upon these statements.  Nelson's only allegation of direct conduct by the Court, although not entirely clear, appears to be a reference to the Court's order for notice by publication.  (Paper 30 at 5) (referencing publication of "articles" in Las Vegas).  As the Court explained in its previous order, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  <u>Litkey v. United States</u>, 510 U.S. 540, 555 (1994).  An order for service by publication, after unsuccessful attempts at personal service, does not display either favoritism or antagonism.  The motion for recusal of this Court, its judges, and court personnel is, therefore, DENIED.

Nelson's remaining motions ask for (1) the "proper address of filings for the U.S. District of Vermont"; (2) an order requiring "clerks to properly file motions" and "to properly state motions and pleadings in docket"; (3) information about "what needs to filed and answered and when"; (4) and information on the process for filing appeals.[1]  The motions with respect to the clerk's office are based upon Nelson's claim that clerks of this Court are working deliberately to "sabotage the Defendant's case."  (Paper 29 at 2).  These motions are unfounded and are, therefore, DENIED.

The motion for the Court's mailing address is GRANTED.[2] The Court's central mailing address is U.S. District Court, P.O. Box 945, Burlington, VT 05402.  The Court's physical address in Burlington is 11 Elmwood Avenue, Room 506, Burlington, VT 05401.  Filings sent by mail should be directed to the Court's post office box in Burlington.

Motions for advice as to how to proceed, either in district court litigation or on appeal, cannot be addressed by the Court since the Court and its personnel may not provide

---

[1]  In a prior order (Paper 27), the Court denied Nelson's "motion for judge to affix actual signatures to orders."  In the same motion, Nelson moved for production of actual signatures.  That motion (Paper 17) is still pending, and is DENIED.

[2]  Although the Court is granting this motion, this information is made available to the public on, *inter alia*, the Court's website.

legal advice to parties.  Assistance of a purely procedural nature, however, can be provided.  Accordingly, if a party requires forms for filing an appeal, he may request that such forms be sent to him.  The Court cannot, however, advise a party as to when an appeal, whether interlocutory or from a final judgment, is appropriate.  Therefore, if Nelson requires forms for filing an appeal, he may request those forms from the Appeals Coordinator in the clerk's office.  To the extent that the standard forms do not pertain to the relief Nelson is seeking, information on how to proceed is available in the applicable rules of federal procedure.

Nelson has also filed a motion "to be told what needs to be filed and answered and when."  Again, the Court cannot advise Nelson on substantive matters.  The Court notes, however, that Nelson has filed a motion pursuant to Fed. R. Civ. P. 12(b).  (Paper 35).  That motion, although entitled "motion for removal," includes arguments pertaining to subject matter jurisdiction, personal jurisdiction, venue, and service of process.  The motion also states in its text that it is a Rule 12(b) motion.  (Paper 35 at 10).  Pursuant to Fed. R. Civ. P. 12(a)(4)(A), the filing of such a motion suspends the deadline for filing a responsive pleading until 10 days after notice of the court having either denied the motion or postponed its disposition until the trial on the merits.

Therefore, no answer is due until after the Court rules upon Nelson's Rule 12(b) motion.

Finally, Nelson has moved for an extension of time in which to file his answer.  (Paper 36)  Nelson is seeking a deadline of 60 days after the Court rules on the pending Rule 12(b) motion and the motion for recusal.  In support of his motion, Nelson argues that the Court should first rule on pending dispositive motions, that he is in the process of moving, and that his answer may include complex counterclaims. Nelson's point about pending dispositive motions is valid, and is addressed by Fed. R. Civ. P. 12(a)(4)(A) as set forth above.  A 60-day extension of time, however, would be excessive.  Nelson has known of the complaint for some time, and is currently citing from it.  Consequently, he should be able to file a timely answer.  If he needs to amend his answer in the future, he may move for leave to do so under Fed. R. Civ. P. 15.  The motion for extension of time (Paper 36) is DENIED.

## Conclusion

For the reasons set forth above, Nelson's motions to produce actual signatures (Paper 17); to order the clerks to properly file pleadings (Papers 29 and 32); for recusal of the Court, its judges and selected personnel (Paper 30); "to be told what needs to be answered and when" (Paper 31); and for

extension of time (Paper 36) are DENIED.  His motion for

information with respect to filing an appeal (Paper 34) is

GRANTED to the extent that he may be provided forms by the

Court, and is otherwise DENIED.  Nelson's motion for access to

the Court's address (Paper 28) is GRANTED.

   Dated at Brattleboro, in the District of Vermont, this

13th day of January, 2006.


                              /s/ J. Garvan Murtha
                              J. Garvan Murtha
                              United States District Judge