# ANSWER
# &
# Preliminary Counter Complaints and Claims

# Renzello v. Nelson
# Case Number:  05-cv-00153

# Pages

# 1 through 50 of 245

Michael E. Nelson
4075 S Durango 111-57
Las Vegas NV  89147

Temporary Address for Mailing:  POB 761 Wakefield RI  02880

United States District Court for the US District of Vermont

Damian J. Renzello,

       Plaintiff,

  vs.

Michael Nelson,

       Defendant

) Case No.: No. 1:05-cv-153
)
) ANSWER to Complaint with
) Preservation of Rights to
) Counter Complain per Orders of
) Judge John Garvan Murtha
)
)
)
)
)
)
)
)

2007 MAR 23  AM 9: 07

## ANSWER

**to Complaint with Preservation of Rights to Counter Complain per**

**verbal Orders of Judge John Garvan Murtha during Pre-Trial**

**Conference on 27 February 2007, in Brattleboro, Vermont, USA**

NOW HERE COMES, Defendant, Michael Nelson, PRO-SE, via

SPECIAL APPEARANCE providing the following preliminary ANSWER to

the Court and the Plaintiff, and preliminary Counter Complaints

and Claims per Court Orders.  Pursuant with ORDERS of the

presiding Jurist in this above herein captioned matter, US

District Court Judge John Garvan Murtha, the Defendant Michael

Nelson, does hereby file this ANSWER, with preliminary counter

1  complaints and claims, however, herein so notes for the record

2  preservation to file detailed Counter Complaints and Claims per

3  rights, which Judge John Garvan Murtha has stated via verbal

4  ORDER of the Court that the Defendant, Michael Nelson, may file

5  Counter Complaints and Claims if this above herein entitled

6  action is NOT settled via COURT ORDERED mediation with the US

7  Federal Magistrate of the US District of Vermont.

8       The Defendant requests all in receipt including PRESIDING

9  JURIST JOHN GARVAN MURTHA utilize the long practiced method of

10 FUNCTIONAL Interpretation in the reading of this answer which

11 has been requested to be so hastily prepared without opportunity

12 to re-file the answer and counter complaints and claims

13 previously received per the USPS Inspector Generals Office.

14      It is so noted herein below and throughout the legal

15 maxims, such as this one as it relates to the commonly

16 recognized methods of approach by Judicial Officers in the

17 examination of the law and the speedy "disposal" of cases:

18 **Functional**. Also called *structural*. Decision based on analysis

19 of the structures the law constituted and how they are

20 apparently intended to function as a coherent, harmonious

21 system. The Latin maxim is *Nemo aliquam partem recte intelligere*

22 *potest antequam totum perlegit*. **No one can properly understand a**

23 **part until he has read the whole. 3 Coke Rep. 59.  It is**

24 **requested one reads the WHOLE ANSWER and preliminary Counter**

25

1  **Complaints before they attempt to understand an individual part**
2  **thereof.**

3      This Answer, has been prepared from "scratch" to speak
4  colloquially, as the US District of Vermont claims to have
5  neither received the "preliminary answer" nor the Full Answer
6  and Counter Complaints and Claims.

7      The Defendant does so herein note that Judge John Garvan
8  Murtha ordered the Answer be filed by the end of March 2007 and
9  simultaneously ordered mediation be conducted within 60 days,
10 and a ENE statement filed, Defendant did make known to the Court
11 scheduling conflicts and total in availability during the last
12 couple of weeks of April.  Defendant has in the interests of all
13 parties and in attempts to lessen court costs to all including
14 the Federal Government, worked day and night to create this NEW
15 Answer, and now preliminary counter complaints and claims as the
16 belief of the Defendant was there would be "NO WRITTEN ORDER"
17 and then there were apparently TWO (2) Written Order like docket
18 entries to the case, see attached Exhibits annexed hereto ExA&B.

19     EACH and Every Page is packed with important Answers to the
20 Complaint, Evidence, case law citations, legal maxims, other
21 legal references and various points to be proven during Trial by
22 Jury, as the Declaration of Preservation of Rights of the
23 Defendant pursuant with the Seventh Amendment to the US
24 Constitution and what is believed rights under Article III,
25 Section II of the United States Constitution are herein made.

1   To not read every word contained herein in it's entirety means
2   one including the Presiding Jurist may miss critical
3   information, including without limitation those NOTIFICATIONS
4   regarding sensitive information which the Court must decide
5   whether is protected under TITLE 50 of US Code.  Especially that
6   information which could be deemed protected under Chapter 15 of
7   the aforementioned US Code Title 50.

8       Additionally other information contained herein pertains to
9   additional litigations which appear to be growing out of this
10  frivolous litigation.  The attached Exhibits and annexed hereto
11  documents place extreme legal onus upon the presiding Jurist
12  John Garvan Murtha with regards to the Rules of Professional
13  Conduct of various Attorneys and others members of the Bar
14  Associations of the State of Vermont and the Federal Bar
15  including without limitation Attorneys:   John Lyon and David
16  Seth Putter.

17      Additional information is in reference to United States
18  Postal Regulations and investigations as well as criminal
19  investigations and grand juries; each of the Exhibits are
20  expounded upon herein at the end and forward and backwards
21  referenced, the expounded upon exhibits at the end hereof make
22  additional points of law and fact which will and must be
23  examined by the court, the Defendant in the interests of JUSTICE
24  even MINIMAL JUSTICE as the Defendant continually so demands
25  despite the fact the US Supreme Court demands SUBSTANTIAL

1    JUSTICE in matters is being so sought by the Defendant and in

2    the furtherance of standards of minimal justice and to reduce

3    costs to the parties the Defendant has so herein outlined the

4    Exhibits which are referenced herein and are so attached /

5    annexed hereto and incorporated herein for reference these

6    Exhibits are of importance to these documents and certainly to

7    the trial by jury pursuant with 7th Amendment rights which is to

8    follow.  The Exhibits are listed stating the page numbers and a

9    BRIEF explanation of the Exhibit for ease in reference.

10        Information and pleadings contained herein this Answer

11   which could potentially pertain to sensitive information is NOT

12   information gained, learned or otherwise divulged to the

13   Defendant while the Defendant's Security Clearances were active;

14   nor at anytime while temporary Security Clearances have been

15   issued by DoD (Department of Defense), the US Army, US Airforce,

16   other service branch of the United States Government or any

17   agency or COUNCIL in possession of sensitive Federal Government

18   information and the authority to issue said clearances.  Said

19   information contained therein which may form a defense and is

20   certainly critical to a defense to certain publications made of

21   defamatory nature against the Defendant and submitted to the

22   Court on the Public Record MUST be allowed in form approved by

23   appropriate Federal Authorities and so ORDERED by presiding

24   Jurist John Garvan Murtha pursuant with his "close control" of

25   these legal proceedings as Judge John Garvan Murtha stated at

1  the hearing / conference on 27 Feburary 2007, that he has
2  personally been closely monitoring this above herein referenced
3  litigation since it's inception and will maintain close control
4  thereof.

5      Additionally no information contained herein was learned or
6  garnished from any of the Defendant's work in the "Nevada
7  Desert"…the Defendant so herein states information which may be
8  viewed as sensitive has been either temporarily redacted via
9  directed removal or "adapted" and information on the public
10 record from other news-reports has been placed therein, this
11 information as it relates to those individuals appointed by
12 various either former or currently sitting Presidents of these
13 the United States of America, are referenced by title, rank,
14 position only and not directly by name, although upon TRIAL by
15 JURY the names thereof must be entered to this record and
16 subpoenas so issued to bring forth the TRUTH as it is the duty
17 of the Court to seek the Truth if this honorable court so
18 believes this case should continue given the Answer set forth
19 herein above and below.

20     Defendant herein notes for the record that the miss-
21 handling of mail pre-paid and placed with the United States
22 Postal Service for Delivery to the United States District of
23 Vermont in Burlington and in some cases to Brattleboro as well
24 has been severely miss-managed and handled, in violation of the
25 law.  As a result the Defendant has personally made formal

complaint to United States Postal Service DHQ covering both
Rhode Island and Vermont regarding this "missing" mail and miss-
management and miss-handling of mail.   Additionally formal
investigations have been underway and new complaints filed with
the assistance of Federal Officers, agents and lawyers.   The
Court should take specific notation and advisement of Exhibits,
annexed hereto for reference a "missing" and un-docketed filing
which was ABSOLUTELY received by the Court according to the
United States Postal Inspector Generals office.

These documents were placed in the United States Postal
Services care for delivery, however, it still has yet to be
docketed to the court record and is now attached hereto as
Exhibits, as is referenced herein above and will be referenced
herein below.

The Defendant so herein notes that numerous legal filings
duly made to the court pursuant with the Federal Rules of Civil
Procedure (FRCP) and made in accordance with the Local Rules of
the Court have been illegally and unfairly denied by the
prejudicial court in these proceedings as one such example the
Defendant draws the Court's attention to Local Rule 5.2(a),
wherein the Defendant did as the rule suggests:   "Parties or
counsel wishing to confirm that no financial conflict-of-
interest exists in cases as assigned may obtain a copy of the
Court's recusal list upon written request to the Clerk of
Court", see L.R. 5.2(a) found on page 4 of the "United States

1   District Court District of Vermont Local Rules of Procedure"

2   dated June 1, 2006; upon non-answer of the Clerk of the Court,

3   Richard Paul Wasko (whom other charges of misconduct have been

4   duly and appropriately filed against) the Defendant did so make

5   formal MOTION for the production thereof pursuant with the Local

6   Rules and under the Federal Rules of Civil Procedure (FRCP), see

7   filing of the Defendant in Document/Paper Number 43, which was

8   subsequently denied in violation of FRCP and L.R.

9       The Defendant further herein notes for the Record that the

10  Defendant is STILL WITHOUT a copy of "VRFP" as "VRFP" is made as

11  reference in numerous filings and the Defendant has duly and

12  appropriately made PLEADING and MOTION to be provided with an

13  explanation and documentation as it relates to this UNFOUNDED

14  set of Rules as many times quoted by the Plaintiff (Damian J.

15  Renzello) in this matter.  See the filing of the Defendant in

16  Paper 79, duly and appropriately requesting the court to produce

17  "VRFP", whatever those are.

18      Defendant further notes that the Plaintiff has not made

19  filing of memorandum pursuant with Local Rules of the Court and

20  FRCP under L.R. 5.2(b), as the docket so reflects the Defendant

21  has so herein complied with L.R. 5.2(b), in his filing of Paper

22  66, the failure of the Plaintiff, Damian J. Renzello to make

23  filing per L.R. 5.2b is further evidence of failures of the

24  Plaintiff to abide by the rules of this Court, and the PRO SE

25  Defendant having no legal training of any kind apart from that

1  in HIGH SCHOOL has so herein made the appropriate filings as the

2  docket report so indicates of compliance with L.R. 5.2(b), see

3  page B-7, of EXHIBIT B, and further references page 6 of 16 of

4  the docket as found in EXHIBIT B annexed and attached hereto and

5  incorporated herein by reference backwards and forwards

6  throughout.

7      The Defendant does herein provide this introduction to the

8  Answer and does so backwards reference these pages via page

9  number only throughout this answer.  The Defendant has on the

10  27th of Feburary 2007, paid the sum of $180 (one-hundred-and-

11  eighty) US Dollars to the Court Reporter, ANN Marie Coughlin,

12  see Exhibit C annexed hereto and attached herewith and

13  incorporated herein; for a copy of the transcript of the hearing

14  held on the same date, a receipt is attached herewith as an

15  Exhibit C.  The Defendant is tremendously concerned and has

16  raised concerns to the Court Reporter that the Transcript from

17  the March 2006, hearing is missing several parts of testimony as

18  will be proffered by witnesses in the Court Room if necessary.

19      Specifically the Court Transcript is **missing Testimony from**

20  **Plaintiff Damian J. Renzello has it references the Harley**

21  **Davidson Motorcycle Plaintiff Damian J. Renzello admitted on the**

22  **witness stand to having purchased, this substantial negotiable**

23  **assets believed worth in excess of TWENTY THOUSAND US DOLLARS,**

24  **has yet to be formally recognized by the Court, although**

25  **detailed evidence via positive and negative and absolute proof**

1  *has been submitted to the Court via numerous pleadings and many*

2  *pleadings not yet docketed and some which have been ALTERED by*

3  *the Court*, court Alterations to the docket and filings are

4  referenced and expounded upon herein the this preliminary

5  answer.

6

7                          **JURISDICTION:**

8       Defendant repeats and reavers all prior filed motions,

9  whether docketed or not docketed, however, does so repeat

10  original documents as filed prior to COURT ALTERATIONS to the

11  docket as is evidenced by digital thumb prints within the PACER

12  system.  Defendant further NOTES for the record in formal

13  OBJECTION to Jurisdiction in this matter, that appeals taken to

14  the Second Circuit Court of Appeals, regarding rulings on

15  motions regarding Jurisdiction and other properly filed appeals

16  were in the words of presiding Jurist John Garvan Murtha

17  "disposed of" by the Second Circuit Court of Appeals.  However,

18  the MANDATE by the Court of Appeals in their dismissal of the

19  Appeals, was structured and worded:  "This Court has determined

20  sua sponte that it lacks jurisdiction over these appeals because

21  a final order has not been issued by the district court as

22  contemplated by 28 U.S.C."  This MANDATE was issued without Oral

23  Arguments as requested by the Defendant pursuant with rights

24  under the Law and the Rules of the Second Circuit Court of

25  Appeals.  This Mandate was NOT directed dismissal of the merits

of the appeals but rather a denial of jurisdiction over the appeals at this time, therefore, the defendant does so herein state full objection to jurisdiction and awaits the proper time if necessary to file formal appeal, once "final order has been issued", if necessary.

Furthermore, the Court of Appeals decided that "District court orders denying motions to dismiss for lack of personal jurisdiction or improper venue are not appeal able under the collateral order doctrine." However, defendant will file formal appeal upon these grounds as stated in those appeals, when and if necessary after "final order" from the current litigation and the counter complaints (being currently filed per WRITTEN Order of Judge John Garvan Murtha, on 27 Feb. 2007, however with all rights intact and thereto for filing of Counter Complaints and Claims if this action is NOT settled via Court Ordered Mediation with the Federal Magistrate of the US District of Vermont per the Verbal Orders to amend thereto and file in full the Counter Complaints and Claims).

Additionally the Second Circuit Court of Appeals stated: "denial of a recusal motion is not an appeal able interlocutory order", while this may not be an appealable interlocutory order under and interlocutory appeal, the Defendant will again if necessary file for formal appeal including the appeals regarding Recusal of presiding Jurist John Garvan Murtha, together with new evidence requiring such, including without limitation Judge

1  John Garvan Murtha's response to the Defendant as noted in the

2  docket when the Defendant, Michael Nelson, presenting himself

3  before a US Federal Court in the US District of Vermont did so

4  respectfully request "DUE PROCESS OF LAW", Judge John Garvan

5  Murtha responded, as the voice of the US District of Vermont:

6  "Court:   I don't know what you are talking about."  See Page 64,

7  of the Transcript entitled "Testimony at Motions Hearing",

8  prepared by Anne Marie Coughlin, RPR, Official Court Reporter.

9  Certainly a US Federal District Judge, has at least heard of DUE

10  PROCESS OF LAW?  Blacks Law Dictionary defines Due Process of

11  Law in tremendous detail including this statement at the end of

12  a paragraph towards the end of the definition:   "Aside from all

13  else, 'due process' means fundamental fairness and substantial

14  justice."  The Defendant has only asked for MINIMAL JUSTICE

15  although the law requires SUBSTANTIAL JUSTICE as noted by the

16  United States Supreme Court in Levine vs. United States (1960)

17  and further noted Justice must satisfy the appearance of Justice

18  where the US Supreme Court noted and cited Offutt vs. United

19  States (1954).

20      The Defendant requested a "writ of mandamus" for the

21  records of a court "inferior" to the US District of Vermont, the

22  wording "inferior", herein used is used via the language

23  referencing such a writ as requested, such a writ is used to

24  procure information for a lower court or a subordinate court,

25  wherein the Superior Court of the County of Washington of the

State of Vermont, is certainly within the Jurisdiction of the US

District of Vermont, such a writ as suggested by Chambers of an

Associate Justice with the United States Supreme Court was a

proper, respectful and appropriate request, Judge John Garvan

Murtha presiding Jurist at the hearing speaking on behalf of the

COURT, and thus the United States Judiciary stated:  "I have no

idea what you are talking about."  However the US Court of

Appeals for the Second Circuit directly referenced said writ of

mandamus in it's Mandate.  Further Defendant herein respectfully

preserves his rights, constitutionally and otherwise including

without limitation Article III, Section II rights and Seventh

Amendment Rights and rights to seek a "Writ of Prohibition", if

the US District of Vermont continues to:  "exceeds its

jurisdiction or authorized power in such a manner as to

implicate the legality of the entire proceeding", quoting Davis

v. Lansing, 851 F.2d 72, 75 (2d Cir. 1988), this will include

without limitation refusal to docket or accept declarations

preserving CONSTITUTIONALLY PROTECTED RIGHTS, rights to DUE

PROCESS of LAW, ALTERING of Documents Submitted to the Court

etc.

Clear Objection is made to Jurisdiction on multiple grounds

and additionally the Defendant does so herein repeat and reaver

the current guiding ORDER of the Court listed as Paper 110,

ORDERED by Presiding Jurist John Garvan Murtha, which

effectively dismisses numerous "complaints" of the Plaintiff,

1  including without limitation those actions taken pursuant to:

2  18 USC 875; 17 USC 501; 17 USC 1301; and additionally raises

3  serious questions as to complaint made under 15 USC 1125(d).

4  Therefore the complaint is severely weakened to the point it may

5  not be suitable for litigation on any merits in any

6  jurisdiction.

7      All other objections, defenses, and claims pursuant with

8  previously, lawfully and dutifully filed motions and appeals are

9  herein forever preserved including without limitation FRCP 12b,

10 Title 28 USC Section 1400 and other objections contained therein

11 all the aforementioned filings and appeals.

12

13                              **PARTIES**

14 Consists of two (2) paragraphs towhich have been numbered:   1

15 and 2 respectively by hand see the complaint attached herewith

16 as Exhibit.

17     1.      Paragraph 1, consists of statements as to which no

18             response is required, and otherwise deny, and so

19             state Plaintiff Damian J. Renzello's travel habits

20             indicate the statement may be untruthful and

21             perjures.

22     2.      DENY.  Plaintiff Renzello has been aware of

23             Defendant Nelson's EXACT WHEREABOUTS.  Defendant

24             intends to call as witness David Seth Putter, who

25             communicated to Defendant that Mr. Renzello's

unwelcomed visit at Defendant's home in Las Vegas
was Renzello's RIGHT to inquire as to the lifestyle
of which the Defendant AND HIS FAMILY were living.
Further, Plaintiff's erroneous statement is made in
attempts to prejudice this Court and create unfair
bias against the Defendant before the Defendant has
had time to Answer the Complaint or Counter
Complaints.

Defendant herein notes for the record that Counter
Complaints and Claims which have already been received by the
Court, however, the Court CLAIMS not to have received, did list
a number of third party defendants and a number of others cross
complained of with overwhelming grounds.

However, presiding Jurist John Garvan Murtha has ordered
that the Defendant, Michael Nelson, may NOT include others in
this lawsuit, effectively barring the rights of the Defendant
and further implicating a direct usurpation of the rights of the
Defendant under the Constitution of these the United States of
America.  Additionally Judge John Garvan Murtha made what was
taken as threatening remarks regarding the filing of new
litigation which appear to be again directed at the Defendant to
discourage protection of the Defendant's rights as afforded the
Defendant under Congressional Acts as they relate to the USPTO
presided over by Commissioner Dudas, and appear to go directly

against the United States Constitution, US Law and certainly

fundamental rights of US Citizens, see page 53 of the Transcript

of Testimony prepared by the Court Reporter and referenced

herein above from the March 2006, Evidentiary hearing in this

cause (litigation).

## PREVIOUS LAWSUITS:

The Defendant is unaware of previous lawsuits involving

just the Plaitniff and the Defendant.  Defendant submits that

Plaintiff may now be engaged in other litigation, which is

tangentially similar and could be moved for inclusion.

Additionally Defendant repeats and reavers all aforementioned

and previously plead pleadings and hearings regarding Plaintiff

Damian J. Renzello's pattern of alleged theft of companies,

investments, stock, trading on the names of others including THE

STATE OF VERMONT, see Exhibits, referencing action taken against

Damian J. Renzello by the State of Vermont for attempting to use

the State of Vermont's name, and shield to FOOL / TRICK and

otherwise deceive the purchasing public.

## FACTS:

The next section of the Complaint lists in paragraph form a

number of averments which are alleged as "FACTS" by the

Plaintiff.  The Defendant has again numbered each paragraph by

hand to allow for easier reference by the Court and the

Plaintiff regarding response thereto.  Again as is stated herein above under the section Parties, the Complaint with the hand-written numbering as is referenced herein above and below is annexed (attached hereto) for reference as Exhibit AA:

1. Paragraph 1 consists of statements NOT based in Fact. Plaintiff AND Defendant BOTH had been engaged TOGETHER, as "best friends" and PARTNERS in the manufacture and sale of portable ice skating rinks and accessories. Additionally the GENERIC brand "Porta Rinx" is NOT exclusively the Plaintiffs, and as testified to by the Plaintiff during the March 2006, hearing and as is stated on the website:  www.portarinxandbambini.com the claim made is Porta Rinx is a trademark of Damian J. Products, which the Defendant intends to provide evidence via individual testimony of witnesses, Officers of the Court (Bar Licensed Attorneys in Vermont), a sitting Superior Court Judge of the State of Vermont, Clerks of the Court, businessmen in the local Central Vermont Community and the Plaintiff's own hand via Court Records and Documents that the Defendant Michael Nelson is a shareholder and member of the Company Damian J. Products; and further that the mark(s) are NOT worthy of any protection as contemplated under the law and that the United States government should not recognize them

as such and the US government should not open itself to
international action in WTO or WIPO for recognizing.

2. Paragraph 2 consists of FALSE and inaccurate statements.
Plaintiff is CO-inventor AT BEST. Plaintiff was
certainly not marketer. Plaintiff came to know
Defendant in 1995! Prior to rink creation. Defendant
was at no time since creation of Damian J. Products or
Porta-Rinx Commercial LLC OR Porta-Rinx Residential LLC,
only a representative but also a shareholder of each of
the above herein referenced legally organized legal
entities. Defendant otherwise denies allegations of the
Plaintiff.

3. Paragraph 3, is FALSE and inaccurate. BOTH Plaintiff
and Defendant own the "innovative and distinctive"
GENERIC concept of a PortaRinx (PortaRinx is a GENERIC
branding of a Portable Rinx), like Xerox Copies, or
Scotch Tape, or PortaJohn (Porta = Portable); (Rinx =
Ice Rink), see trademarks with TESS at the USPTO, as
previously plead in the pleadings of the case and
submissions to the Court after the March 2006,
Evidentiary hearing.


ADDITIONALLY AND OF EXTREME IMPORTANCE is the FACT that
much of the "fall-out" of the PARTNERSHIP has been as a result
of the FACT the GENERIC Porta-Rinx the Plaintiff and Defendant

1  where in manufacture and sale of has a number of overly

2  infringing qualities to an EXISTING PATNET, originally applied

3  for according to TESS with the USPTO, on March 5, 1997; with a

4  granted US PATENT of 25 October 2005.  When the Defendant

5  discovered this patent he brought it to the attention of his

6  business partner and "best friend" the Plaintiff, an argument

7  then commenced, this lawsuit and all arguments thereafter appear

8  to be as a result of this initial argument.  Please see Patent

9  Number:  6,957,546.

10      4.  Paragraph 4, DENY.  It was NOT the Plaintiff's design to
11          assign.

12      5.  Paragraph 5, DENY.  The date cited is incorrect.  The
13          Plaintiff and Defendant made an agreement as to the
14          operation of the Company with respect to splitting up
15          the tasks needed to be performed.  Basically Plaintiff
16          was to simply handle "manufacture", ordering and DROP
17          shipping the parts, to customers and the Defendant would
18          handle sales and marketing.  Otherwise deny.

19      6.  Paragraph 6, DENY in its ENTIRETY.  Exhibit A of
20          complaint is fabricated date!  Additionally original
21          copy was produced by Defendant and copyrighted.  Counter
22          Claim asserted. Otherwise DENY.

23      7.  Paragraph 7, DENY.  Statements by Plaintiff are Hearsay,
24          or rather simply attempts at re-writing history.

25

Exhibit B, of the complaint was not received by
Defendant except in complaint.  Otherwise Deny.

8.  Paragraph 8, DENY.  Exhibit C, to the complaint is
    FABRICATED.  Third party evidence under rules of
    evidence will be submitted to prove email headers are
    incorrect.  Defendant MUST have subpoenas for specific
    computer information to supply the Court with proving
    this FABRICATION.  Special rules of evidence MUST apply
    to Electronic Mail as have been adopted by the Federal
    Courts.  Otherwise DENY.

9.  Paragraph 9, DENY.  NOT TRUE.  Defendant AND PLAINTIFF
    OWNED domain names.  Exhibits annexed hereto and
    incorporated herein demonstrates that the Court did
    receive documents from Plaintiff Damian J. Renzello and
    then ALTERED the Docket removing the documents, one of
    the exhibits to the documents PROVE two things, first
    anyone can place a FROM email address in the From spot
    on an email and Secondly and MORE importantly ONLY the
    Plaintiff Damian J. Renzello controlled the email
    address:  vtbambini@aol.com and HE (RENZELLO) alone had
    control to renew all the domain names, for the JOINTLY
    held company, and Renzello ALLOWED all the Domains to
    Expire on 30 June 2006!  Additionally Renzello has
    demonstrated bad-faith and frivolous action / litigation

1    in NOT renewing or otherwise registering the domains

2         which he is attempting to complain herein his complaint.

3    These statements have caused real and actual lifelong

4    damages to the Defendant, which will be counter-complained of

5    and therefore sued upon in the counter complaint when authorized

6    by the COURT to file, if necessary.  DEFENDANT DENIES these

7    charges and will seek compensation for damages under counter-

8    claims when authorized to file by the court if necessary.

9         10.  Paragraph 10, DENY.  There HAS NEVER been

10            cybersquatting by the Defendant!  The Domain

11            www.DamianJ.com was jointly held by Plaintiff and

12            Defendant.  The Domain was to refer to the JOINTLY HELD

13            company Damian J. Products and further the domain has NO

14            acquired distinctiveness and certainly NOT any meaning

15            in the marketplace prior to registration.  The defendant

16            if at anytime listed as the registrant had as recognized

17            by the courts a reasonable belief to believe the

18            registration was lawful or otherwise correct as noted by

19            the court in it's opinion and order.  Additionally per

20            ORDER of the Court in Paper 110, "…courts have generally

21            held that personal names are not inherently distinctive.

22            See e.q. Abraham Zion Corp. v. Lebow, 761 F.2d 93, 104

23            (2d Cir. 1985) Certainly the name DamianJ has NOT

24            "become sysnonymous in the mind of the public . . . as a

25            word identifying" anything!