UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2014 SEP 18 AM 11: 35

BY _____ CLERK
         DEPUTY CLERK

| | | |
|---|---|---|
| Damian J. Renzello,<br>Plaintiff, *pro se* | )<br>)<br>)<br>) | |
| v. | )<br>) | File No. 1:05-CV-153 |
| | )<br>) | |
| Michael E. Nelson.<br>Defendant | )<br>) | |

**PLAINTIFF'S MOTION TO:**
**a) ENFORCE THE COURT'S AGREEMENT AND CONSENT JUDGMENT;**

**b) HOLD DEFENDANT IN CONTEMPT OF COURT FOR FLAGRANT AND ONGOING VIOLATIONS OF THE JUDGMENT;**

**c) WEIGH DAMAGES --- BOTH COMPENSATORY AND PUNITIVE --- FOR DEFENDANT'S FLAGRANT AND ONGOING VIOLATIONS OF THE JUDGMENT;**

**d) ALLOW PLAINTIFF, A HIGH-SCHOOL DROPOUT UNABLE TO UNDERSTAND LEGAL PROCESSES AND LINGO, TO HAVE A FRIEND --- UNPAID AND NOT PURPORTING TO ACT AS ATTORNEY --- ASSIST PLAINTIFF IN THIS CAUSE; AND**

**e) IN LIGHT OF PAST BEHAVIOR BY DEFENDANT NELSON --- UP TO AND INCLUDING PAST THREATS MADE TO THIS COURT --- HAVE THE COURT ENFORCE ITS NO-CONTACT ORDER UPON DEFENDANT REGARDING RENZELLO (AND FAMILY) AND EXTEND THE NO-CONTACT ORDER TO THE UNPAID FRIEND (AND HIS FAMILY)**

NOW COMES Damian J. Renzello of East Montpelier, *pro se*, who files this Plaintiff's Motion, and attests the following:

1) The order of this Court dated May 16, 2007 in the above-named case stipulated (paragraph No. 2): "Plaintiff and Defendant agree not to interfere with each other's business interests for the purpose or intent of causing financial or other harm."

**Renzello v. Nelson, File No. 1:05-CV-153, Plaintiff's Motion (second of four pages)**

2) Further, the order of this Court dated May 16, 2007 in the above-named case stipulated (paragraph No. 3): "Plaintiff and Defendant agree to a no-contact order with each other and their families including not intentionally contacting them in person or within 100 yards, by phone, by fax, email *or any other form of contact*. (emphasis added)

3) The May 16, 2007 order also states (paragraph No. 4) that "to provide for enforcement of this agreement, a party … may notify the other of non-compliance by registered mail" and that "upon a failure to cure the non-compliance, the aggrieved party may seek a hearing before this Court to enforce this agreement."

4) Plaintiff was dismayed to learn that Defendant Nelson since the imposition of the Court's order in this cause created and posted at least two Web sites under the title, "Ripoff Report," namely:
   a) http://www.ripoffreport.com/sporting-good-manufactures/porta-rinx-and-damia/porta-rinx-and-damian-j-renze-f77c8.htm; and
   b) http://www.ripoffreport.com/sporting-goods/damian-renzello-port/damian-renzello-porta-rinx-a-24374.htm [1]

5) Each of the two Web sites cited in the preceding paragraph contains allegations about the Plaintiff that are patently false, malicious, defamatory and libelous.

6) The first site --- http://www.ripoffreport.com/sporting-good-manufactures/porta-rinx-and-damia/porta-rinx-and-damian-j-renze-f77c8.htm --- begins by stating: "Damian Renzello is a scam artist of all scam artists. He plays like he is really nice and helpful but then just TAKES your money and time and gives you NOTHING!" (no emphasis added)

7) It also contends that "Renzello is a CONVICTED Pedophile! YIKES! We called the police right away, unfortunately the cops in Vermont are kinda (sic) backwards and although they know Renzello has stolen from people here in his own backyard but also across the Nation and the Globe there is not much the cops can do, worse they have many investigations into Renzello for all sorts of weird things." (no emphasis added)

---

[1] (Copies of the material cited from each Web site, as printed on September 12, 2014, are attached as Exhibits "A" and "B")

**Renzello v. Nelson, File No. 1:05-CV-153, Plaintiff's Motion (third of four pages)**

8) The site then says: "Renzello has been convicted of sexual assualts (sic), PEDOPHILIA charges, under investigation for lewd and lavious (sic) conduct with a MINOR!  Sodomy on a minor, indecent exposure! ... THis guy was hitting on our 10 year old!  This guy is nuts ...  WATCH OUT for this Psycho!  Lets pray the police in the back woods of Vermont actually want to get these pedophiles off the street!  Then again we have seen many cases in Vermont where convicted pedophiles go right back on the street in just months!  YIKES!" (no emphasis added) (sic, including misspellings)

9) As if the preceding allegations were not outrageous enough, the other Web site --- http://www.ripoffreport.com/sporting-goods/damian-renzello-port/damian-renzello-porta-rinx-a-24374.htm --- adds additional defamatory remarks, itself citing several sites that also appear to be the insidious work of Defendant Nelson.

10) The other Web site refers to Plaintiff as a "crook, scam artist, ex-Felon with police reports on him mounting in more than a dozen states and people running scared from him and his violent gang like family ... (s)eems Damian Renzello thinks of himself as a mafia like figure ... Since Renzello already has Felonies and is under investigation in multiple states and others run scared of him and police know he is a DANGER to children and has weird sexual twisted desires with children we can only pray soon this scam artist will be locked behind bars! (no emphasis added)

11) The Web sites clearly violate paragraph No. 2 of the court's May 16, 2007 order, with the Defendant "interfer(ing) with (Plantiff's) business interests for the purpose or intent of causing financial or other harm" (which has come to include such tortious action as defamation, libel and intentional infliction of emotional distress in addition to the adverse effect on Plaintiff's business that Defendant Nelson clearly intends).

12) These tortious actions Defendant Nelson carried out not by coming within 100 yards of the Plaintiff, but by both telephoning the Plaintiff and resorting to "(an)other form of contact" --- posting outrageous and scurrilous Web sites --- that violates paragraph No. 3 of the Court's May 19, 2007 order (and, Plaintiff argues, by its availability to a worldwide audience, amounts to a far worse affront to his reputation, serenity and sense of well-being than a mere phone call from the Defendant, however barred, could accomplish).

13) Having had since the original filing of this lawsuit significant difficulties pinpointing the whereabouts of Defendant Nelson, as a review of the docket will confirm, Plaintiff again finds himself having knowledge only of Defendant's presence on the Internet without a clue as to where in the United States Defendant Nelson works or resides.

**Renzello v. Nelson, File No. 1:05-CV-153, Plaintiff's Motion (last of four pages)**

14) Thus, Plaintiff is at a loss as to how he can possibly accomplish the fulfillment of the court's mandate (paragraph No. 4 of the May 19, 2007 order) to send Defendant Nelson a registered letter when the only address he has for the Defendant is a Web site address (and not even an "IP" address that could lead to the Defendant's physical address).

WHEREUPON, Plaintiff respectfully moves for this Court to set a hearing as soon as possible, there to:
a) weigh how best to enforce the court's order;
b) consider citing Defendant Nelson for his contempt of the court's order and;
c) weigh damages --- both compensatory and punitive --- for the Defendant's flagrant and ongoing flouting of the court's order.

AT THIS HEARING, Plaintiff prays for the Court to allow Plaintiff --- a high-school dropout who has insurmountable difficulty with communicating or understanding technical legal processes or lingo --- to have a friend, who would be an unpaid adviser and not purporting to act as an attorney, sit with Plaintiff at Plaintiff's table; explain things to Plaintiff during the course of proceedings; and assist the plaintiff in responding to the court or the adversarial party.

FURTHER, in light of egregious past behavior by the Defendant --- including but not limited to past threats made by the Defendant toward this Court --- the Plaintiff prays for the Court to enforce upon Defendant the existing no-contact provisions of its order regarding the Defendant and the Defendant's family as well as to extend the umbrella of a Court-ordered no-contact provision upon Defendant as pertains to the Plaintiff's unpaid adviser and his family.

Respectfully submitted on this the 17 day of Sept. 2014,

Damian J. Renzello
Plaintiff, *pro se*

Before me on this 17 day of Sept. 2014 appeared the above-named person, who subscribed and affirmed to the truth of the document, and who did then subscribe and affirm that of his own free will and act he signed the document, which he then did in my presence.

Notary Public                                       Commission expires on 2/10/2015

GRETCHEN R. MAGINNIS
Notary Public, State of Vermont
My Commission Expires Feb. 10, 2015