UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| DAMIAN J. RENZELLO, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 1:05-cv-00153-jgm |
| | : |
| MICHAEL E. NELSON, | : |
| | : |
| Defendant. | : |
| | : |

ORDER ON MOTION TO ENFORCE JUDGMENT, TO HOLD DEFENDANT IN
CONTEMPT, TO WEIGH DAMAGES, AND TO ENFORCE NO-CONTACT ORDER
(Doc. 169)

VACATED 09/04/2015 pursuant to Doc 190

I. Introduction

On May 16, 2007, Plaintiff Damian Renzello and Defendant Michael Nelson entered an Agreement and Consent Judgment (the "Consent Judgment") signed and approved by the Court prohibiting them from interfering with each other's businesses and from contacting each other, among other things. (Doc. 167.) On September 18, 2014, Renzello moved to enforce the Consent Judgment, alleging Nelson has posted false information about Renzello's business and Renzello on multiple websites in violation of the Consent Judgment. (Doc. 169.) He also requested the Court hold Nelson in contempt, weigh damages, and enforce the no-contact provisions. After serving a copy of his motion to Nelson's last known address, Renzello moved for a hearing on enforcement of the Consent Judgment. (Doc. 175.) On May 7, 2015, the Court held a hearing on Renzello's motion. Nelson failed to appear.

II. Background

Renzello manufactures and sells portable ice rinks and related products. In 2002, he retained Nelson to assist with marketing his products on the internet. (Doc. 110, at 3.) Renzello ultimately terminated his relationship with Nelson due to dissatisfaction with his work. In 2005, Renzello filed

a complaint against Nelson for violations of federal law and harm to his business through predatory business practices. (Doc. 5.) Renzello alleged Nelson subsequently used Porta-Rinx product names and trademarks on the internet to divert business away from Renzello. On May 16, 2007, following mediation, the parties entered into the Consent Judgment. (Doc. 167.)

Renzello alleges Nelson subsequently began posting defamatory statements online concerning Renzello and Porta-Rinx. On September 18, 2014, Renzello moved pro se to enforce the Consent Judgment. (Doc. 169.) Renzello also requested the Court hold Nelson in contempt and award damages. The Court instructed Renzello to serve notice to Nelson and allow Nelson thirty days to cure any non-compliance, as required by the Consent Judgment. (Doc. 174.) On November 21, 2014, Renzello filed a Certificate of Service attesting that he had served a copy of his motion on Nelson by first-class mail at the address Renzello provided in the underlying action. (Doc. 173.) That mail was not returned.

At the May 7, 2015 hearing, Renzello testified Nelson has continued to post defamatory comments about Renzello and Porta-Rinx on the internet following the Consent Judgment. Renzello also alleges Nelson has defamed him in the comments section of an online "Popular Science" article devoted to his products and on numerous other websites, including a website titled "Ripoff Report." Renzello testified that he has lost business due to Nelson's comments. Customers have contacted him about his products, and often seek explanation for Nelson's online postings.

III. Discussion

    A. Breach of Consent Judgment

Renzello argues Nelson has violated the Consent Judgment by posting disparaging comments about him and Porta-Rinx. The Consent Judgment prohibits the parties from "interfer[ing] with each other's business interests for the purpose or intent of causing financial or

2

other harm" and from contacting each other "by phone, fax, email or any other form of contact." (Doc. 167-1, at ¶¶ 2, 3.)

Nelson has posted numerous false and defamatory remarks concerning Renzello and Porta-Rinx online. In some instances, he has posted false and defamatory statements in the comments sections following otherwise legitimate internet publications. See, e.g., App'x ¶ 1. In other instances, Nelson has posted defamatory articles fabricated in their entirety. See, e.g., App'x ¶¶ 2-4, 8. Nelson sometimes posts in comments sections following articles only indirectly related to Renzello's business (see, e.g., App'x ¶¶ 1, 7) and often posts links to other comments and articles he has fabricated concerning Renzello and his business (see, e.g., App'x ¶¶ 1, 3, 5-7).

Nelson's comments are expressly aimed at injuring Renzello's business. Generally, he falsely asserts Renzello is a "fraud," "scam artist," thief, or "rip off." See, e.g., App'x ¶¶ 1, 8. Some of Nelson's more specific allegations are more concerning. In perhaps his most pernicious action, Nelson fabricated a "press release" claiming a court accused Renzello of fraud and the Vermont Attorney General's Office investigated him for violating the Consumer Fraud Act, among other things. (App'x ¶ 4.) These false assertions discourage potential customers from purchasing Porta-Rinx products from Renzello, and Renzello testified that he has in fact received phone calls from potential customers expressing concern about these online allegations. These customers were not comfortable purchasing Renzello's products after reading Nelson's comments.

Nelson also makes comments unrelated to Renzello's business but nonetheless likely to discourage potential customers or business partners from contacting him. Numerous posts falsely assert Renzello is a pedophile (see, e.g., App'x ¶¶ 1, 6, 8) and a felon (see, e.g., App'x ¶¶ 5, 6, 8). Nelson has created and disseminated images of Renzello superimposed with the text "I am a child molester." (App'x ¶ 2.)

3

[VACATED 09/04/2015 pursuant to Doc 190]

Because these postings both interfere with Renzello's business and amount to contact with him, each of these online postings[1] violates the Consent Judgment.

B.    Defamation

Although Renzello did not claim defamation in his original Complaint, he seeks an order finding the comments Nelson published online defamatory in addition to finding Nelson breached the Consent Judgment.[2]

A false statement is defamatory "if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Marcoux-Norton v. Kmart Corp., 907 F. Supp. 766, 778 (D. Vt. 1993) (quoting Weisburgh v. Mahady, 147 Vt. 70, 511 A.2d 304, 306 (1986)). "[W]ords may be insulting, abusive, unpleasant, and objectionable" without being "defamatory in and of themselves." Blouin v. Anton, 139 Vt. 618, 621, 431 A.2d 489, 490 (1981). But "statements injurious to one's trade, business or occupation" qualify as slander per se. Lent v. Huntoon, 143 Vt. 539, 546, 470 A.2d 1162, 1168 (1983).

The Court finds the comments Nelson has posted defamatory for substantially the same reasons posting those comments violated the Consent Judgment. Nelson has asserted Renzello operates a fraudulent enterprise, steals from customers, has been accused of fraud by courts and the

---

[1] The URLs of the offending posts are collected in the Appendix to this order.

[2] The websites publishing the content defaming Renzello are not parties to this action or the Consent Judgment. Were the websites hosting the defamatory content in question print-based, Renzello would have a cause of action against those publishers. See, e.g., Carafano v. Metrosplash.com, Inc., 339 F.3d 1119, 1122 (9th Cir. 2003) (due to 47 U.S.C. § 230(c), "[i]nternet publishers are treated differently from corresponding publishers in print, television and radio"). The Communications Decency Act, however, provides "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Accordingly, a website publishing content produced by others cannot be sued in its capacity as a provider of interactive computer services. See Ricci v. Teamsters Union Local 456, 781 F.3d 25, 28 (2d Cir. 2015).

VACATED 09/04/2015 pursuant to Doc 190

Vermont Attorney General's Office, is a felon, and is a convicted child molester, among other things. These false statements are injurious to Renzello's business and therefore qualify as slander per se. Upon reading these comments, potential customers or business partners are likely to decline to contact Renzello. Renzello's testimony confirms he has received calls from potential customers inquiring about Nelson's online postings. Accordingly, the Court finds Nelson's postings, collected in the Appendix to this Order, defamatory.

IV. Conclusion

The Court finds Defendant Nelson engaged in a pattern of posting online comments concerning Plaintiff Renzello between 2007 and 2013. Based on its review of these comments and the May 7, 2015 hearing, the Court finds these comments have no factual basis and tend to harm Renzello's business. (App'x ¶¶ 1-8.) Accordingly, the Court finds (1) Defendant Nelson has violated the Consent Judgment, and (2) the online postings enumerated in the Appendix to this order are defamatory.

The Court orders Defendant Nelson cease and desist posting online comments regarding Renzello, Porta-Rinx, or any of Renzello's other products or businesses. Any future violations of the Court's Order will result in a finding of contempt or damages and punitive damages.

Renzello's motion to allow a non-attorney advisor to assist in his cause is GRANTED. Renzello's motion to modify the Consent Judgment to include Renzello's non-attorney advisor is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 20th day of May, 2015

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge

VACATED 09/04/2015 pursuant to Doc 190

Appendix

The Court finds the following websites contain defamatory comments made by Nelson regarding Renzello.

1. http://civiletti.blogspot.com/2007/04/good-news-bad-judgment.html (comments posted September 27, 2007 and May 3, 2010)

2. http://www.ripoffreport.com/r/Porta-Rinx-and-Damian-J-Renzello/Barre-Vermont-05663/Porta-Rinx-and-Damian-J-Renzello-Porta-Rink-PortaRinks-Damien-Renzello-John-Renzello-624987 (posted submitted July 19, 2010)

3. http://www.topix.com/forum/source/wtlv/TTPQTEK8SVSO63BOJ (posted October 2, 2007)

4. http://express-press-release.net/35/Fraud%20Against%20the%20Government%20is%20Rampant%20in%20Vermont%20According%20to%20Court%20Documents.php (posted March 7, 2007)

5. http://www.merchantcircle.com/business/Porta-Rinx.And.The.Bambini.802-479-1880 (comments posted July 19, 2010, January 31, 2011, February 23, 2011, and November 18, 2013)

6. http://popsci.typepad.com/popsci/2007/01/episode_31_home.html (comments posted October 2, 2007, April 13, 2010, May 2, 2010, June 9, 2010, October 10, 2010, October 13, 2010, October 17, 2010, March 9, 2011)

7. http://beanballinc.blogspot.com/2006/09/shady-hockey-returns-to-danbury.html (comments posted September 27, 2007, January 24, 2008, August 24, 2009)

8. http://www.ripoffreport.com/r/Damian-J-Products-LLC/East-Montpelier-Vermont-05651/Damian-J-Products-LLC-Damien-Renzello-My-Buddy-Inc-The-Bambini-Revolution-Porta-Rinx-610819 (posted June 6, 2010)

VACATED 09/04/2015 pursuant to Doc 190