UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| DAMIAN J. RENZELLO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:05-cv-00153-jgm |
| | : | |
| MICHAEL E. NELSON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

ORDER ON MOTIONS TO HOLD DEFENDANT IN CONTEMPT AND IMPOSE
DAMAGES AND TO ENFORCE THE CONSENT JUDGMENT
(Docs. 169, 175, 184, 186, 187)

I.  Introduction

On May 16, 2007, Plaintiff Damian Renzello and Defendant Michael Nelson entered an Agreement and Consent Judgment (the "Consent Judgment") prohibiting them from interfering with each other's businesses and from contacting each other, among other things. (Doc. 167.)

On September 18, 2014, Renzello moved pro se to enforce the Consent Judgment. (Doc. 169.) He alleged Nelson had posted defamatory statements online about him and his company, Porta-Rinx. Renzello also requested the Court hold Nelson in contempt and award damages. The Court instructed Renzello to serve notice to Nelson and allow Nelson thirty days to cure any non-compliance, as required by the Consent Judgment. (Doc. 174.) On November 21, 2014, Renzello filed a Certificate of Service attesting that he had served a copy of his motion on Nelson by first-class mail at the address Renzello provided in the underlying action, P.O. Box 761, Wakefield, RI 02880-0761. (Doc. 173.) That mail was not returned at that time.

At the May 7, 2015 hearing, Renzello testified Nelson has continued to post defamatory comments about Renzello and Porta-Rinx on the internet following the Consent Judgment. Renzello also alleges Nelson has defamed him in the comments section of an online "Popular

Science" article devoted to his products and on numerous other websites, including a website titled "Ripoff Report." Renzello testified that he has lost business due to Nelson's comments. Customers have contacted him about his products, and often seek explanation for Nelson's online postings. Based on Renzello's testimony, the Court found Nelson, who failed to appear, had violated the Consent Judgment by posting defamatory comments concerning Renzello online. (Doc. 179.)

On July 23, 2015, all written communications and notices mailed by the Clerk's Office to Nelson between November 2014 and May 2015 were simultaneously returned as undeliverable. (Docs. 180-83.) On August 19, 2015, Renzello alleged Nelson has posted additional defamatory comments on the internet, and moved the Court to hold Nelson in contempt and to award damages. (Doc. 184.) Renzello mailed copies of his motion not to Nelson, as he had all previous notices, but to Leslie M. and Peter E. Nelson of Rhode Island (Doc. 184, at 9), presumably Defendant's relatives. On August 31, 2015, Nelson opposed Renzello's motion (Doc. 188) and filed his own motions to enforce the Consent Judgment against Renzello on the basis that Renzello contacted and defamed him (Docs. 186, 187).

II.  Discussion

  A.  Renzello's Motion for Contempt Sanctions (Doc. 184)

The Federal Rules of Civil Procedure require motions be served on "every party." Fed. R. Civ. P. 5(a)(1)(D). Renzello served his motion for contempt sanctions on apparent relatives of Nelson, not on Nelson himself, and therefore service was invalid. Accordingly, the Court dismisses Renzello's motion (Doc. 184) without prejudice to renew for improper service.

  B.  Vacating the Order Enforcing the Consent Judgment (Docs. 175, 179)

Nelson's filing indicates he received neither notice that Renzello believed he had violated the Consent Agreement nor notice of the hearing before the Court. (Doc. 188.) This is consistent

with the return of his mail to the Clerk's Office as undeliverable.  The Court takes notice Nelson no longer receives mail at the address listed in Court records, P.O. Box 761, Wakefield, RI 02880-0761.

In opposition to Renzello's motion for contempt, Nelson contends the judgment against him (Doc. 179) is void because he never received notice of the May 7, 2015 hearing.[1]  Rule 60(b)(4) allows for the vacatur of a judgment where "the judgment is void." Fed. R. Civ. P. 60(b)(4).  In assessing whether to vacate a default judgment, a "court must consider (1) whether the default was willful, (2) whether setting aside the default would prejudice the plaintiff, and (3) whether the defendant has presented a meritorious defense to the action." I.L.G.W.U. Nat. Ret. Fund v. Meredith Grey, Inc., 986 F. Supp. 816, 823 (S.D.N.Y. 1997).  Here, the Court concludes Nelson did not willfully refuse to respond because the record indicates he never received notice, Renzello will not be prejudiced if the Court sets aside the judgment because he may still seek a hearing, and that Nelson may argue he did not post the content in question.  The Court may vacate its judgment (Doc. 179) sua sponte, see Int'l Controls Corp. v. Vesco, 556 F.2d 665, 668 n.2 (2d Cir. 1977) (finding "the district court . . . had power to decide sua sponte whether its judgment should be vacated, provided all parties had notice, as they did here."), and now does so.  The Court also denies Renzello's motion for hearing on enforcement (Doc. 175) without prejudice.

    C.    <u>Nelson's Motions to Enforce the Consent Judgment and Cease Contact</u>
         (Docs. 186, 187)

Nelson also moves the Court to find Renzello violated the Consent Judgment and to order Renzello to cease contact.[2]  He fails to follow the procedures required to seek relief through the

---

[1] Because Nelson submits his opposition pro se, the Court reads it "liberally and interpret[s] [it] to raise the strongest arguments that [it] suggest[s]." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotations and citation omitted).

[2] Nelson styles his motions to request other relief as well, including to take control of a website and order a psychiatric examination of Renzello. (Doc. 186, at 1.)  The Court denies these

3

Consent Judgment, however, because he has not provided Renzello with notice and thirty days to cure any defect. He has in fact provided Renzello no notice at all. Accordingly, the Court denies his motions without prejudice. (Doc. 186, 187.)

      D.      Further Proceedings

The Clerk's Office shall mail copies of Nelson's filings to Renzello. The Clerk's Office shall mail to Nelson copies of the docket sheet and all pleadings docketed between September 2014 and August 2015.[3]

If either Renzello or Nelson wishes to enforce the Consent Judgment, they must follow the procedures set out therein: provide the other party notice of any violation and thirty days to cure. Upon a failing to cure the non-compliance, the aggrieved party may seek a hearing before this Court to enforce the Agreement. (Doc. 167-1.)

III.    Conclusion

Based on the foregoing:

    (1)    the Court's Order filed May 20, 2015 (Doc. 179) is VACATED;

    (2)    Renzello's Motions to Enforce Judgment, Hold Defendant in Contempt, Weigh Damages, Have Friend Assist Plaintiff, Enforce No-Contact Order, and Extend No Contact Order to Unpaid Friend (Doc. 169) are DENIED without prejudice;

---

requests, as even construed liberally Nelson's filing provides no reasons such relief is warranted.

[3] Nelson asserts certain portions of his filings with the Clerk's Office are subject to confidential treatment under 40 U.S.C. § 421, but he provides no reason to warrant that treatment and the Court, upon its review, discerns no reason. Accordingly, Nelson's filings shall be public. See, e.g., Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.").

4

(3) Renzello's Motion for Hearing on Enforcement (Doc. 175) and Motion for Contempt Sanctions (Doc. 184) are DENIED without prejudice; and

(4) Nelson's Motions to Enforce Consent Judgment and Cease Contact (Docs. 186, 187) are DENIED without prejudice.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 4th day of September, 2015

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge